ANTHONY P. CAPOZZI, CSBN: 068525
THE LAW OFFICE OF ANTHONY P. CAPOZZI
1233 West Shaw Avenue, Suite 102
Fresno, California 93711
Telephone:     (559) 221-0200
Facsimile:     (559) 221-7997
E-Mail:        Anthony@ capozzilawoffices.com
www.capozzilawoffices.com

Attorney for Defendant,
EDUARDO REYES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

******

| | |
|---|---|
| UNITED STATES OF AMERICA. | CASE NO.:  1:21-CR-00221-JLT-SKO AND 2:13-CR-00053-MCE |
| Plaintiff, | |
| v. | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| EDUARDO REYES | DATE: November 16, 2022 |
| Defendant. | TIME: 1:00 p.m. |
| | COURT: Hon. Sheila K. Oberto |

This case is set for status conference on November 16, 2022.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

---

[1] A judge "may order case-by-case exemptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618 ¶ 7 (E.D. Cal. May 13, 2020).

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openness with procedural strictness," "demand[ing] on- the-record findings' in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the records findings, there can be no exclusion under" § 3161 (h)(7)(A). *Id*. at 507. Moreover, any such failure cannot be harmless. *Id*. at 509; see also *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9ᵗʰ Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by the granting of such continuance outweigh the best interests of at the public and the defendant in a speedy trial." *Id*.

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuance stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mr. St. Helen's eruption. *Furlow v. United States*, 644 F.2d 764 (9ᵗʰ Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id*. at 767-68; see also United States v. Correa, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing Furlow to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in fining excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161 (h)(7) (Local Code T4).[2] If continued, this Court should

---

[2]The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal March 18, 2020).

designate a new date for the status conference.  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through it counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on November 16, 2022.

2. By this stipulation, defendants now move to vacate the status conference and set this case for a plea on January 20, 2023, at 9:00am before District Judge Jennifer L. Thurston.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes reports, photographs, and audio files.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendant desires additional time to further review discovery, discuss potential resolution with his client and the government, and investigate and prepare for a plea.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking in to account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trail within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 16, 2022 to January 20, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161 (h)(7)(A), B(iv) [Local Code T4] because it results form a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice

served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

    g)   The parties also agree that this continuance is necessary for several reasons including but not limited to, the need to permit time for the parties to exchange supplemental discovery, engage in plea negotiations, and for the defense to continue its investigation and preparation, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and 3161 (h)(B)(i) and (iv).

4.   Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


DATED: October 7, 2022,     BY:   */s/ Anthony P. Capozzi*_____
                               ANTHONY P. CAPOZZI, Attorney for


                               PHILLIP A. TALBERT
                               United States Attorney


DATED: October 7, 2022,     BY:   */s/ Stephanie M. Stokman*_____
                               STEPHANIE M. STOKMAN
                               Assistant United States Attorney


**ORDER**

IT IS SO ORDERED.


DATED: 10/7/2022                 _____
                               THE HONORABLE SHEILA K. OBERTO
                               UNITED STATES MAGISTRATE JUDGE